UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6106-CR-FERGUSON
Magistrate Judge Snow

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CARLOS REVELLO,

      Defendant.

_____/

FILED
AUG 21 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S OBJECTIONS TO
## PRE-SENTENCE INVESTIGATION REPORT

COMES NOW the defendant, Carlos Revello, through his undersigned counsel, and pursuant to Administrative Order 95-02, and files the following objections to the Presentence Investigation Report ("PSI") prepared in the instant case.

The following objections relate to the guideline computation contained in the PSI and, if sustained, would change the sentencing range set forth therein:

1.    The defendant objects to the penalty recitations on page 2 of the PSI, as well as in paragraphs 67-73 of the PSI. The defendant takes the position that the enhanced punishment of a maximum of forty years set forth in § 841(b)(1)(B) is not available in this case because § 841(b)(1)(B) describes a separate offense, one element of which is an aggravating drug quantity. The enhanced terms of punishment, and therefore § 841(b)(1)(B), are only applicable where the crime involves more than 100 grams of heroin. *See* 21 U.S.C. § 841. The quantity of heroin is an element of the crime which must be charged in the indictment. *See Apprendi v. New Jersey*, ___ U.S. ___,

1

120 S.Ct. 2348 (June 26, 2000); *Carless Jones v. United States*, ___ U.S. ___, 120 S.Ct. 2739. The drug quantity is not alleged in the defendant's indictment. Under the Due Process and indictment clauses of the Fifth Amendment, and the jury trial guarantee of the Sixth Amendment, any fact that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. *Apprendi*, 120 S.Ct. at 2355. As the indictment failed to allege that the offense involved a quantity of heroin in excess of 100 grams, the penalty is controlled by 21 U.S.C. § 841(b)(1)(C).

Accordingly, the defendant objects to the finding in paragraph 67 that the minimum term of imprisonment is five years and the maximum term is 40 years pursuant to 21 U.S.C. § 841(b)(1)(B). The defendant also objects to the Probation Office relying on 21 U.S.C. § 841(b)(1)(B) in paragraphs 69-74 of the PSI, which paragraphs discuss the supervised release, probation, and fine ranges available in this case.

Thus, the proper punishment ranges in this case differ from those set out in the presentence report as follows:

| TYPE OF PUNISHMENT | INCORRECT-§841(b)(1)(B) | CORRECT-§841(b)(1)(C) |
|---|---|---|
| Imprisonment | 5 years - 40 years | 0 - 20 years |
| Supervised release | Four years (mandatory) | Three years (mandatory) |
| Fine | Up to $2,000,000 | Up to $1,000,000 |
| Probation-eligible? | No | Yes |

2.  In paragraph 19 of the PSI, the probation office finds that the starting base offense level is 30. The defendant objects to this finding. Specifically, the amount of cocaine in the present case is a fact that clearly "increases the prescribed range of penalties to which [Mr. Revello] is

2

exposed," and thus it has to be charged in the indictment and proven beyond a reasonable doubt. *See Apprendi, supra.* For example, under the Sentencing Guidelines, a conviction for a drug offense involving less than 25 grams of cocaine, a violation of 21 U.S.C. § 841(b)(1)(C), yields a base offense level of 12. *See* U.S.S.G. § 2D1.1(c)(14). For a defendant with a criminal history category of one, that corresponds to a prescribed range of 10-16 months. An increase in the amount of cocaine to 100 grams of cocaine, a violation of § 841(b)(1)(B), has a corresponding increase in the offense level to 26 and a corresponding increase in the prescribed range of penalties to 70-87 months. *See* U.S.S.G. § 2D1.1(c)(7).

Because the aggravating factor, the amount of heroin, was not charged in the indictment, the amount cannot be used to calculate the sentence for Mr. Revello. *See Apprendi, supra.* This Court is thus bound by the offense charged in the indictment and plead to by Mr. Revello, a drug trafficking offense involving an undetermined amount of heroin. In order to comply with the strictures of *Apprendi* and not apply an aggravating factor that was not charged in the indictment, this Court must calculate Mr. Revello's sentence using a base offense level of 12 which corresponds to the lowest allowable amount of heroin. *See* U.S.S.G. § 2D1.1(c)(14).

3.   In paragraphs 15 and 22 of the PSI the probation office finds that the defendant is not entitled to a role adjustment under § 3B1.2. The defendant objects to this finding and requests a downward adjustment for being a minor participant in the offense.

4.   In paragraph 20 of the PSI, the probation office fails to give the defendant a two level downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(6) on the ground that the defendant meets the criteria set out in U.S.S.G. § 5C1.2(1)-(5) ("safety valve"). Prior to sentencing, the defendant will be providing the Government with a truthful statement regarding all information and evidence

3

the defendant has regarding the offense. Accordingly, the defendant will at that time have met all the criteria and will qualify for the safety valve.

WHEREFORE the defendant prays that the court sustain his objections to the pre-sentence investigation report.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

4

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 22nd day of August, 2000, to Robin Rosenbaum, Assistant United States Attorney at 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394; Sara M. Garcia, U.S. Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132-2126.

Martin J. Bidwill