FILED by _____ D.C.

OCT 3 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

October 24, 2001

RE: 00-14961-FF       USA v. Carlos Revelo
DC DKT NO.: 00-06106 CR-WDF

TO:   Clarence Maddox

CC:   Kathleen M. Williams

CC:   Martin John Bidwill

CC:   Anne R. Schultz

CC:   Robert B. Cornell

CC:   Lisett Reid

CC:   Robin S. Rosenbaum

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

October 24, 2001



Clarence  Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale  FL 33301

RE: 00-14961-FF       USA v. Carlos Revelo
DC DKT NO.:  00-06106 CR-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued
as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one folder, one psi
   Original record on appeal or review, consisting of: three volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1
decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion
or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

                    Sincerely,

                    THOMAS K. KAHN, Clerk

                    Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals

## For the Eleventh Circuit

No. 00-14961

District Court Docket No.
00-06106-CR-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Sep 25, 2001

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS REVELO,

Defendant-Appellant.

FILED by _____ D.C.

OCT 3 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
-------------------------------------------------------------

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered:      September 25, 2001
For the Court:  Thomas K. Kahn, Clerk
By:      McCombs, Elaine



ISSUED AS MANDATE

OCT 2 4 2001

U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 2 5 2001

THOMAS K. KAHN
CLERK

No. 00-14961
Non-Argument Calendar

D.C. Docket No. 00-06106-CR-WDF

UNITED STATES OF AMERICA,

FILED by _____ D.C.

OCT 3 0 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

Plaintiff-Appellee,

versus

CARLOS REVELO,

Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(September 25, 2001)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Carlos Revelo appeals his 70-month sentence imposed upon a jury conviction for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1).  Appellant raises two issues on appeal.  First, Appellant argues that his sentence and the term of his supervised release violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), because the quantity of drugs involved in his offense was not alleged in the indictment.  Second, Appellant argues that he should have been granted a two-level decrease pursuant to the safety-valve provision of the Sentencing Guidelines. *See* U.S.S.G. §§ 2D1.1(b)(6) & 5C1.2.  We discern no error and affirm.

A.    *Apprendi* Issues

In cases applying preserved-error review, we apply a *de novo* standard of review when determining whether a defendant's sentence violated *Apprendi. United States v. Candelario*, 240 F.3d 1300, 1306 (11th Cir. 2001).  If a reviewing court finds such an error, it is subject to harmless error analysis. *Id.* at 1307.

Although Appellant raised *Apprendi* at sentencing, he did not challenge the proffered quantity determinations set forth in the PSI.  When a defendant pleads guilty and accepts the drug quantity determination contained in the pre-sentence report or agrees to drug quantity at sentencing or in his plea colloquy, he waives any right to appeal his sentence on the basis of *Apprendi*, regardless of what sentence is

2

imposed. *United States v. Walker*, 228 F.3d 1276, 1278 n.1 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 1408 (2001). Appellants *Apprendi*-based arguments are, therefore, without merit.[1]

B.    Safety-Valve Provision

We review for clear error a district court's factual determination regarding a defendant's eligibility for relief under the safety-valve provisions of U.S.S.G. § 5C1.2. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997) (citation omitted). We review *de novo* the district court's interpretation of the Guidelines. As the proponent for the safety valve reduction, Appellant bore the burden of proving he was entitled to it by a preponderance of the evidence. *Id.*

Appellant argues that his safety-valve statement was a truthful and complete statement, and that the court relied on unreliable hearsay in denying this motion. Additionally, Appellant argues that the district court erred by not conducting an evidentiary hearing on the issue, and that the court failed to make adequate findings with regard to this issue.

---

[1]Appellant's argument that *Apprendi* applies to the Sentencing Guidelines is also without merit. The Sentencing Guidelines are not subject to the *Apprendi* rule. *See United States v. Nealy*, 232 F.3d 825, 829, n.3 (11th Cir. 2000).

3

Upon review of the record, we conclude that the district court did not err by finding that Appellant had not been completely truthful as there were inconsistencies between Appellant's safety-valve statement and his plea colloquy and transcripts of conversations between individuals involved in the offense. Appellant failed to offer any evidence or explanation as to why the transcripts were unreliable. Moreover, the sentencing court could have based its decision on the discrepancies between Appellant's plea colloquy and his safety-valve statement alone, without relying on the transcripts. Contrary to Appellant's contentions, the court's findings with regard to the safety-valve issue were sufficient. Finally, Appellant's argument regarding his request for a hearing is without merit. Appellant was given a copy of the transcript prior to the hearing, and the sentencing court provided him with the opportunity to provide testimony at the hearing.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By:
Deputy Clerk
Atlanta, Georgia